

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2008

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2304

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Thomas" (2008). *2008 Decisions.* Paper 471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2304

_____

UNITED STATES OF AMERICA

v.

FERLANDA O'NEIL THOMAS,
a/k/a Perlanda O'Neal Thomas,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cr-00634)
District Judge: Honorable Thomas M. Golden

_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2008

Before: BARRY, AMBRO, and JORDAN, *Circuit Judges*.

(Filed: September 29, 2008)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Ferlanda O'Neil Thomas appeals the District Court's decision to sentence him to

240 months' imprisonment for armed carjacking. On appeal, he challenges the District

Court's grant of upward departures of one level each for extreme psychological injury to the victim and for extreme conduct. Thomas also contests the District Court's application of a thirty-month upward variance from the advisory range applicable under the United States Sentencing Guidelines ("Guidelines"). Because we find that the District Court did not abuse its discretion by granting the upward departures or imposing the variance, we will affirm.

## I.     Background

On the afternoon of September 14, 2006, Lisa Marie Golas left the Lehigh Valley Mall in Whitehall, Pennsylvania, and walked to her car. As she climbed into her vehicle, Thomas approached Golas, put a knife to her neck and told her that he would kill her if she did not move into the passenger's seat. Golas complied and Thomas drove the vehicle from the mall. Golas gave Thomas money from her purse and implored him to take her car and let her go, but Thomas refused. While still driving, Thomas ordered Golas to pull down her pants and lift up her shirt. He then proceeded to sexually assault her. When Thomas began to pull his pants down and indicated that he planned to sexually assault Golas again, she checked the rear-view mirror, unlocked the car door and jumped from the speeding vehicle. Golas estimated that when she jumped, the vehicle was traveling between 65 and 70 miles per hour.

Golas was found on the side of the road by department of corrections officers and was rushed to a local hospital, where she was treated for numerous lacerations and

abrasions, including a five centimeter gash that exposed a portion of her skull. A CAT scan also detected blood pooling in Golas's brain.

Two days later, Thomas was arrested in Mississippi and admitted to the carjacking. He was indicted and pled guilty to one count of armed carjacking. At the sentencing hearing, the District Court calculated the Guidelines range for Thomas's offense. The government then moved for upward departures for intent to murder, extreme psychological injury to the victim, and extreme conduct. The Court found that the government had not established intent to murder but, as earlier noted, granted upward departures of one level each for extreme psychological injury and for extreme conduct. After factoring in the departures, the Guidelines range for Thomas's offense was 168 - 210 months. The Court imposed an upward variance of thirty months and sentenced Thomas to 240 months in prison.

Thomas filed a timely notice of appeal and now challenges the District Court's decision to grant the upward departures and to impose the upward variance.

## II.    Discussion

A.    *Upward Departures:  Extreme Psychological Injury and Extreme Conduct*

We review a district court's decision to depart from the Guidelines range for abuse of discretion. *U.S. v. Queensborough*, 227 F.3d 149, 158 (3rd Cir. 2000). A court may depart from the Guidelines range if it finds that "a victim or victims suffered psychological injury much more serious than that normally resulting from commission of

the offense." U.S.S.G. § 5K2.3. The District Court heard medical testimony that Golas suffered from post-traumatic stress that had been compounded by the sexual assault. It also took testimony from Golas's husband who stated that the incident had changed Golas's personality and weakened her memory. On the strength of this evidence, the Court found that Golas suffered extreme psychological injuries much more serious than those that normally result from the crime of armed carjacking. The record shows that the District Court had ample grounds for reaching that conclusion.

A court may also grant an upward departure if it finds that "the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim." U.S.S.G. § 5K2.8. The District Court found that Thomas had forced Golas to make a horrifying choice: be sexually assaulted again or leap from a speeding vehicle. The Court then concluded that the departure for extreme conduct was warranted because of the "pure fear and terror that Golas suffered." (Appendix at 226.) We agree. Because there is more than sufficient evidence that Thomas's conduct was extreme and that Golas suffered extreme psychological injuries, the District Court did not abuse its discretion in granting the upward departures.

B. *Upward Variance: Thirty Months*

Review of a district court's sentence is a two-step process. *See Gall v. U.S.*, 128 S.Ct. 586, 597 (2007). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines

4

range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Id.* If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Id.*

In this case, the District Court met all of the procedural requirements. In its analysis of the § 3553(a) factors, the Court enunciated several substantive reasons for imposing the variance, including the time and place of the carjacking, the use of a deadly weapon, the sexual assault, the severity of Golas's physical and psychological injures, and Thomas's total disregard for Golas's life and well-being. In addition, the Court stated its desire to have the sentence reflect the seriousness of the crime, promote respect for the law, serve as a deterrent, protect the public from Thomas, and afford Thomas the opportunity to get the help he needs. The District Court's reasoning is sufficient to justify its imposition of the variance. We hold, therefore, that the District Court's sentence was procedurally sound and substantively reasonable.

### III. Conclusion

The District Court did not abuse its discretion by granting the upward departures or imposing the upward variance, and we will therefore affirm its judgment.

5